# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2021-0276, <u>In the Matter of Matthew Kamil and Robin Kamil</u>, the court on April 25, 2022, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See <u>Sup. Ct. R.</u> 18(1).  The respondent, Robin Kamil (wife), appeals an order of the Circuit Court (<u>Lemire</u>, J.), on remand from our opinion in <u>In the Matter of Kamil & Kamil</u>, 173 N.H. 424 (2020), dividing marital property in accordance with the parties' prenuptial agreement, and in so doing, awarding the marital home to the petitioner, Matthew Kamil (husband).  On appeal, the wife argues that the agreement compelled the trial court to order the sale of the home, with any proceeds from the sale exceeding the husband's initial investment in the property divided equally between the parties.  We affirm.

In <u>Kamil</u>, on appeal from the parties' final divorce decree, we reversed the trial court's determination that the prenuptial agreement was unenforceable, vacated its property division, and remanded for a new property division in accordance with the agreement.  See <u>id</u>. at 436.  The terms of the prenuptial agreement generally entitle each party to maintain "Separate Property," defined as property acquired in the party's own name alone or jointly with someone other than the other party, whether acquired prior to or during the marriage.  To the extent separate property becomes "commingled," the agreement provides that "each party shall be entitled to a credit for that portion of their initial investment and/or deposit of Separate Property, if any, and any increase and/or decrease in value of such property shall then be shared equally between the parties."  With respect to "Marital Property," defined as property acquired by the parties jointly during the marriage, the agreement provides that, following a "Separation Event," including the filing for divorce by either party, such property "shall be distributed and/or sold as soon thereafter as practicable and the net proceeds derived therefrom, after subtracting all applicable taxes and/or penalties and/or separate property credits, shall be equally divided between the parties."

The parties acquired the marital home in 2010 for $1.3 million, with the husband providing cash solely from his separate property for its purchase price.  The husband filed for divorce in February 2015, and within the course of the underlying divorce litigation, submitted an appraisal valuing the property, as of April 2016, at $1.3 million.  In dividing the marital property as part of the final decree that was the subject of the appeal in <u>Kamil</u>, the trial court valued the marital home as of the February 2015 divorce filing, see <u>id</u>. at

428, and relying upon the April 2016 appraisal, assigned it a value of $1.3 million.  On remand, the husband again submitted the 2016 appraisal, and requested that the trial court distribute the property to him in accordance with the prenuptial agreement's provision governing the distribution of "Marital Property."  Although the wife contended that the property should be valued according to its current valuation, she did not submit any evidence as to its current value other than a document downloaded from an internet source, which the trial court found not to be reliable evidence of the property's value.  Cf. In the Matter of Rokowski & Rokowski, 168 N.H. 57, 61 (2015) (determining that the trial court erred by taking judicial notice of the same internet source as to the value of the marital home).  She argued, however, that under the express language of the prenuptial agreement, the trial court was required to sell the home, thereby determining its current value, and distribute the proceeds equally after crediting the husband with $1.3 million.

The trial court rejected the wife's argument, reasoning that the express language of the agreement allows the property to be "distributed and/or sold." (Emphasis added.)  The trial court observed, correctly, that neither party had challenged "the exercise of the trial court's discretion in setting" a valuation date of February 2015 for the marital home in the prior appeal, and that nothing in our opinion in Kamil had disturbed "the equitable considerations of the trial court in arriving at the February 2015 valuation date."  Because the husband had funded the property's purchase, in its entirety, with his separate property, because the husband continued to reside in the property with the parties' children, because the property was "the only home [the children had] ever known," and because the only reliable evidence as to the property's value – regardless of its valuation date – was the 2016 appraisal valuing it at $1.3 million, the trial court awarded the marital home to the husband.  On appeal, the wife reiterates her argument that, under the terms of the prenuptial agreement, the trial court was compelled to require the sale of the home and to distribute the proceeds equally after crediting the husband with his $1.3 million investment.

As the appealing party, the wife has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's well-reasoned order, the wife's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the wife has not demonstrated reversible error.  See id.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

2